### John S. Kocher

*v.*

### Elizabeth Kocher et al.

[Filed October 17th, 1898.]

Where a son loaned his father money with which to pay assessments which were a lien on a lot, he was not entitled to be subrogated to such lien.

On demurrer to a part of the bill.

*Mr. Edwin B. Williamson,* for the demurrant.

*Mr. Herbert Boggs, contra.*

Pitney, V. C.

The case made by the bill is this: John Kocher died seized of a lot of land in Newark, encumbered by a mortgage given to William T. Haines, which has, since his death, come by assignment to the complainant. Subsequent to the Haines mortgage, but in John Kocher's lifetime, the mortgaged and other premises of the decedent were subjected to a lien for assessments for benefits, and the complainant, who is the son of John Kocher, loaned his father the money with which to pay those assessments, amounting to $450. John Kocher died seized of the premises in 1879, and devised them to his widow for life, and at her death to his children. The widow survives and is a defendant. She gave to the complainant a mortgage upon her interest in the lot in question, to secure him for the amount he had advanced to his father in his lifetime, to pay the assessment in question. The testator left no personal estate whatever. Subsequently, the city of Newark took, by condemnation proceedings, the mortgaged premises and two other lots of land near by, of which the testator died seized, and the price was paid to

the defendant trust company to hold in trust for the purposes of the will.

The complainant files his bill, asking to have paid out of the fund (1) the amount due upon the Haines mortgage and (2) the amount due on the mortgage given to him by his mother to secure the money advanced by him to his father, and in support of this last claim, asserts a right of subrogation to the lien of the assessment which the money so advanced went to pay.

To this part of the bill the trust company demurs, and I think the demurrer is well taken. The case is not governed by the doctrine of subrogation. The complainant was not, at the time he advanced the money to his father, interested in anywise in the property in question, and occupied the position simply of a creditor of his father for money which the father happened to use for the payment of that encumbrance. I know of no principle upon which he can claim subrogation.

The right of subrogation must either arise out of the circumstance that the party paying or asking subrogation was interested in the property and entitled to pay the encumbrance in order to protect himself, or he must have made the payment at the request of either the debtor or the lienor, with the understanding that he should be subrogated. This latter is called subrogation by convention. A leading case is *Payne* v. *Hathaway, 3 Vt. 212*, but the present case is not within the principle of that case. There a party recovered a judgment against the owner of land and made, as he supposed, a valid levy. The land was subject to a mortgage of $2,000, and, supposing that his levy gave him a valid lien, the judgment creditor borrowed money to pay the same and gave a mortgage on the lands to the lender of the money to secure him. Subsequently, it was decided by the courts that the judgment creditor's lien was invalid, and hence the mortgage he had given was worthless. The lender of the money filed a bill for relief against the land for the amount of the money advanced, and it was held that he was entitled to subrogation. That is an extreme case. But the present case is not within it.

The demurrer must be sustained, but of course this decision does not affect the right of the complainant to be paid the amount due on the mortgage, which he holds by assignment, or his right to be paid the amount of his mother's life interest in the fund.